The document below is hereby signed.

Signed: October 03, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                            )
                                 )
MARGARET M. TYUS,                )   Case No. 09-00003
                                 )   (Chapter 13)
            Debtor.              )   Not for Publication in
                                 )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER PARTIALLY GRANTING MOTION TO
AVOID SECURITY INTEREST OF THE INTERNAL REVENUE SERVICE

The debtor has filed a Motion to Avoid Security Interest in Real Property Located at 42 Girard Street, NE, Washington, DC 20002 Pursuant to 11 U.S.C. § 506 (Dkt. No. 47).  The lien at issue is a tax lien of the Internal Revenue Service ("IRS"), not a security interest.  In her motion, the debtor contends that (1) because the appraised value of her real property is $315,000.00, and the balance on the first mortgage on the real property is $342,887.60, the IRS's lien on the real property should be avoided, and that (2) the IRS's claim should be treated as an

entirely unsecured claim.[1]

    The IRS asserts secured status with respect to $12,195.00 of its $47,594.04 claim based upon the value of the debtor's personal property, not the value of the debtor's real property. Likewise, the IRS does not contend that its claim is secured by the debtor's real property, but instead contends that its lien attaches to the debtor's personal property. The debtor having misconstrued the nature of the lien asserted by the IRS, and it being clear that the IRS does not take the position that its claim is secured by the debtor's real property, the court will avoid the IRS's lien on the debtor's real property but will still treat $12,195.00 of the claim as a secured claim.

    In her response to the IRS's opposition to the motion, the debtor challenges the IRS's assertion that its secured claim of $12,195.00 is secured based on the value of the debtor's household and personal property because the debtor has claimed all such property as exempt. Although 11 U.S.C. § 522(f) restricts the fixing of a lien on the debtor's exempt personal

---

[1] The court notes that a chapter 13 debtor seeking to strip a lien from her residential real property should do so by way of an adversary proceeding, not the filing of a motion in the main case. Because the IRS does not assert a secured claim as to the debtor's real property, however, and does not dispute the debtor's assertion that the debtor's real property lacks equity against which the IRS could assert a lien, the court will adjudicate the debtor's motion without requiring the filing of an adversary proceeding.

property, § 522(f) does not apply to statutory liens such as the tax lien at issue in this case, and thus does not present a bar to the IRS's assertion of a lien against the debtor's personal property. The debtor having failed to show why the IRS's secured claim of $12,195.00 ought to be treated as a general unsecured claim, it is

ORDERED that the debtor's motion (Dkt. No. 47) is granted in part and is otherwise denied. It is further

ORDERED, that at such time as a discharge Order is entered pursuant to 11 U.S.C. § 1328(a) in this case, the lien held in favor of the IRS on the debtor's real property described as:

> Lot numbered One Hundred Eight (108) in square numbered Three Thousand Five Hundred (3500), in the subdivision made by Howard Homes, Inc., as per plat recorded in Plat Book 109 at folio 84 in the Office of the Surveyor for the District of Columbia. The improvements thereupon being known as: 42 Girard Street, NE, Washington, D.C. 20002

shall be void, and it is further

ORDERED that the secured portion of the IRS's claim in the amount of $12,195.00, based on the IRS's lien on the debtor's personal property is allowed as a secured claim, without prejudice to an objection based on grounds other than that the lien of the IRS on the debtor's real property does not give rise to an allowed secured claim or that the IRS's lien on the debtor's personal property impairs the debtor's exemptions.

```
                                        [Signed and dated above.]
```

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee;

Thomas J. Jaworski
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044